### E. M. TILLINGHAST ET AL. V. JOHN F. CRAIG.

NOTE GIVEN FOR REBATED PREMIUM VOID IN HANDS OF AGENTS OR ANY BUT BONA FIDE HOLDERS.

A note given for the premium on an insurance policy, which has been rebated, against the provisions of this statute, or the check given for the payment of such note, is void, in the hands of the agent or parties not *bona fide* holders

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

This is a petition in error, brought to reverse the judgment of the court of common pleas in a case wherein the plaintiff in error was the plaintiff below, and the defendant in error defendant below. The suit was brought on a check given by the defendant Craig to Tillinghast Bros., on the Union Savings Bank of Toledo, Ohio. The defendant, admitting the giving of the check, set up two defenses. He says, in short, that the check was given to pay for a policy of insurance that it was proposed to procure for him in a certain insurance company, for which the Tillinghast Bros. were agents, and was dated in advance, under an agreement that they should procure him a policy of insurance, and deliver the same to him, and he approve and accept the same, when the check was to be paid—in short, to procure a policy of insurance, subject to his acceptance and approval, and when that was done they were to have the money. And he avers that he never did receive such a policy of insurance, and that he directed that the check should not be paid, and that the same is void in the plaintiff's hands. He also avers that it is without consideration. He says for a second defense that at the time that he was expecting to, or made the arrangement with regard to the policy of insurance, that it was made under an arrangement with the agent of the company that a portion of the premiums of said policy, which amounted to $270, should be rebated in consideration that he would take the insurance; and that there was rebated from that sum the sum of $74, leaving the amount of $200 that he was to pay for the first year's premium upon the policy, instead of $270, which was the regular amount which should have been paid. And he says that by reason of this allowance of said rebate, the contract was illegal, and contrary to the constitution and laws of the state of Ohio, as contained in 86 O. L., 220. He himself did not know at the time that it was illegal. He says for that reason the check was not good in the hands of the plaintiffs.

It appears in substance that this insurance was solicited by a man of the name of Moses R. Howard, who had an agreement with Tillinghast Bros. to operate for them and with them for the society, Tillinghast Bros. being the agents, at this point. It further appears that under the agreement that was made between Howard and Tillinghast Bros. he was to have a certain proportion of the premium for the first year, so that his commission would amount, on the $270, to quite a large sum of money. So as to the perhaps. It further appears that at the time this arra     v.   made between Craig and Howard with regard to this insuran        p. so d by Howard that the sum of $70 should

be rebated upon the amount of the premium. Howard says that instead of its being a rebate, it was given to Craig on an agreement that he should procure insurance upon the lives of other parties, and that this amount was to apply upon a sum that was to be allowed by Howard to Craig for obtaining such insurance, and if there was anything additional to that amount which should be coming to him upon the sum that was to be allowed him, that Howard agreed to pay it in cash. That is denied by Craig; and this was a question that was submitted to the jury, and was found in favor of Craig. Howard sent and got the insurance that was agreed upon, as he claims, and it proved to be a bond, as it is called, or an indemnity policy. Craig says this was not satisfactory to him, and was not what he agreed for at the time; that that was sent back, and another policy sent up here. There was quite an amount of correspondence, and some more agreements and arrangements in regard to the matter. The last policy was sent back, and it is said that another was issued and placed in the hands of Tillinghast Bros., but they never tendered it to Craig, but allowed it to remain in their hands, subject to his order.

At the time of applying for the insurance, Craig gave his note for $270, and upon that note was endorsed the sum of $70, reducing it down to $200. That was for the amount of his first year's premium upon his policy. During these negotiations that were going on in regard to the policy which was to be delivered, that note became due, and Tillinghast was here, and had some conversation about it; and an arrangement was entered into, as was claimed by Craig, whereby he gave this check in question upon that note, but with the understanding and agreement, it being dated in the future, that before it became due the policy should be obtained and delivered to him, according to the original agreement, to his full satisfaction and acceptance; and he avers that that was never done, and that upon the check becoming due he stopped payment upon it.

It is contended here very earnestly by plaintiffs in this case that Howard, in this matter, was not the agent of plaintiffs or of the society in such a sense as would make the society responsible, or the Tillinghasts responsible, for anything that he might have done contrary to law in regard to the rebate that has been spoken of. It is claimed further by them, and they attempt in fact to show, that the plaintiffs here—Tillinghast Bros.—were in fact purchasers of this note before due for a full and valuable consideration, and held it free from any defense of the kind that is set up here; that therefore the taking of the check upon it made the check valid in their hands, and not subject to any defense. We have read the testimony all through, and have given it a very careful consideration. We are of the opinion that Howard was, under the decisions of the Supreme Court of the state of Ohio, in fact the agent of Tillinghast Bros. in such a sense as would make them responsible for the agreement in regard to this rebate, and for the consequences that might flow from it, and that it is contrary to the public policy of the state of Ohio. We are satisfied also, upon the arrangement that was made between these parties, that Tillinghast Bros. were not and could not be, under the arrangement, the *bona fide* purchasers of that paper; that the paper was taken under such an arrangement that the taking of it was the taking for Tillinghast. They were entitled to the paper, but at the same time Howard became an endorser upon the paper, and to a certain extent, perhaps, a guarantor of the payment of the same.

Tillinghast et al. v. Craig.

As against the authorities that were cited by plaintiff in error upon the question of agency, we call attention to the case of the Mass. Life Ins. Co. v. Henry Eshelman, 30 O. S., 647. We think that very clearly lays down the rule as it exists in Ohio. It is, perhaps, directly opposed to some of the decisions cited by plaintiff in error, but is, of course, the law binding upon this court, and establishes the proposition that Tillinghast Bros. were responsible for the acts of Howard in procuring this insurance.

The section referred to in 86 O. L., 220, provides in substance that:

" Such company shall not pay, or allow or offer to pay or allow, as inducement to insurance, any rebate or premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance.

" Every corporation, or officer or agent thereof, who shall willfully violate any of the provisions of this act, shall be fined in any sum not exceeding $500, to be recovered by action in the name of the state, and on collection paid in o the county treasury for the benefit of the common school fund."

It will be observed that the statute does not declare that the policy itself shall be void. But in this case we are dealing with an action that is brought by the agent of the society upon a note given, or what is equivalent thereto, a check for the note, for the premium for the first year upon the policy, upon which there had been allowed, as the jury found, a rebate of $70, contrary to this statute. The statute clearly indicates what the policy of the state of Ohio is in regard to this matter, and it seems to be clear that this note and check had been given under an arrangement contrary to the public policy of the state of Ohio, as the jury have found; and we think, under these circumstances, that the note and the policy under it became void in the hands of Tillinghast, and that the jury might have well so found. I might as well say that we think the jury were fully warranted in finding upon the facts of the case for the defendant.

Exceptions were taken to the charge of the court as given to the jury, and also to its giving certain charges which were requested by the defendant. I think it is unnecessary to read this charge or to read these various requests. It is sufficient to say, that they are in line with the decisions of the Supreme Court of the state which we have already cited, and in line with the view that this court takes of the statute which has already been referred to, and that the court in giving these requests charged the law substantially correctly.

Exceptions were taken to the action of the court in ruling out certain questions put to a witness, being the deposition of Moses R. Howard. We have examined those, and we think that the court did not err in regard to those questions.

The judgment will be affirmed, but reasonable cost will be certified, and no penalty allowed.